SARAH LOUISA JAMES, PLAINTIFF, *v.* JOSEPH BEAS-LEY AND JAMES D. BIRD, EXECUTORS OF JOHN H. JAMES, DECEASED, AND OTHERS, DEFENDANTS.

*Trust — validity of — when power of alienation not unlawfully suspended.*

Defendants' testator, by his will, devised his real estate to his wife so long as she remained his widow ; upon her death, he directed his trustees to sell the real estate and invest and reinvest the proceeds thereof and the interest thereon, " except so much thereof as may be necessary for the support of my children

until they reach the age of twenty-one years; or of my said daughters until they shall respectively marry." And upon the youngest of his four daughters, Mary A., Clara, Florence N. and Louisa, attaining the age of twenty-one years, he directed his estate to be divided among his children, the shares of the daughters to be then paid over; the shares of the sons to continue to be held in trust till the youngest son arrived at the age of twenty-one and then to be paid over to them.

*Held,* that the trust was valid, and that the power of alienation was not illegally suspended.

That the trust was not to continue until each and all of the children arrived at the age of twenty-one years, nor until the youngest son and youngest daughter each attained their majority, but only until the majority of the 'youngest child.

That even if the power of alienation were suspended during the lives of the widow, the youngest of the daughters and the youngest of the sons, still the trust for the life of the widow would be sustained.

APPEAL by the plaintiff from a judgment entered in this action, which was brought to obtain a judicial construction of the will of John H. James, deceased, sustaining the devises in trust contained therein.

The testator by his will devised to his wife all his real estate, " to have and to hold the same, and to take and receive the rents, issues and profits thereof so long only as she shall remain my widow;" and directed his trustees to close up his business, convert his personal property into money, and invest it in bonds and mortgages, paying over to his wife the interest thereon so long as she remained his widow; " hereby enjoining upon her the duty of providing for the plain and comfortable education and support of my children until they shall arrive at the age of twenty-one years; or, as to my daughters, until they shall respectively marry." Upon the death or remarriage of his wife, he directed his executors to sell the real estate and invest it in the same manner as the personal, and to " invest all interest received after the death or remarriage of my said wife upon any money invested in pursuance of my will, except so much thereof as may be necessary for the support of my children until they reach the age of twenty-one years, or of my said daughters until they shall respectively marry."

" Upon the youngest of my four daughters, Mary A., Clara, Florence N. and Louisa, attaining the age of twenty-one years, I order and direct the said trustees or executors, or their survivor

to divide the aggregate of all bonds, mortgages, money and prop-erty whatsoever in the hands of my said trustees or executors, or their survivor, into as many equal shares as I shall have children, the issue of a deceased child (if such there shall be) to stand in the parent's stead, and to pay and deliver one of such equal shares to each of my said four daughters.

"As to the remaining shares of my estate, I order and direct that my said executors and trustees, or their survivor, shall con-tinue to hold the same, in all respects, as hereinbefore provided, and subject to the like trusts and provisions for the benefit of my sons, Edwin P. and John H., and other children than already named, if any, until the youngest of them shall reach the age of twenty-one years, and that my said trustees or executors shall then pay over and deliver all the residue of my property and estate in their possession or control to and among my said remaining child-ren, share and share alike, the issue of a deceased child (if such there shall be) to take the parent's share in every case."

John H. James left him surviving his widow, the plaintiff, and his children, the defendants, Mary Angelica James and Clara Bennett (formerly Clara James), of full age, and Louisa James, Edwin P. James and John H. James, infants, under the age of twenty-one years, and Alice Maud James, also an infant, since deceased, his only heirs-at-law and next of kin, whose relative ages are in the order of the names last mentioned.

*Edward S. Hatch*, for the plaintiff.

No argument received from the attorneys for the respective defendants.

BARRETT, J.:

Under this will, the power of alienation is suspended only during the life of the widow. Upon her death, the conversion of the real estate is expressly directed. The question, therefore, is as to the validity of the trust power going into effect upon the termination of the life estate. The provision which is objected to directs a division "upon the youngest of my four daughters, Mary A., Clara, Florence N. and Louisa. attaining the age of twenty-one years."

The plaintiff claims that absolute ownership was thereby suspended for more than two lives in being at the death of the testator, namely, until the majority of each and all of these children. Fairly and reasonably construed, however, this sentence suspends the division of the *corpus* of the estate only until the majority of the youngest. The language used is plain and unambiguous; but even if the phrase were less clear, the will would be upheld upon well-settled rules of construction. An intention which would invalidate the will, will not be imputed to the testator if it can be avoided. (*Manice* v. *Manice*, 43 N. Y., 368; *DuBois* v. *Ray*, 35 id., 162.) The case is distinguishable from *Hawley* v. *James* (16 Wend., 63), in the singling out of one child from a class. The limitation is upon the minority of the youngest, not of the one who may happen to attain her majority.

The same construction applies with respect to the shares of the sons and the remaining children. But if, under a strained construction, it should be considered that the absolute ownership of these shares was suspended for more than two lives, namely, the lives of the widow, the youngest of the daughters and the youngest of the sons, still the residue of the will would not be invalidated, and for the reason that the purposes are separable. It is perfectly well settled that if the purposes of a trust are separable, and some of them must arise within two lives, and there are others which must or may become operative only after the expiration of the two lives, the former may be sustained, but the latter cannot. (*Post* v. *Hover*, 33 N. Y., 593; *Manice* v. *Manice*, *ubi sup.*, 384, and cases there cited.

The judgment must be affirmed, but without costs either as between the parties or out of the estate.

INGALLS, P. J.:

I am satisfied that the will in question creates no unlawful suspension of the power of alienation, and that the order of the Special Term should be affirmed. The above direction with regard to costs is proper.

Judgment affirmed without costs, either as between parties or out of the estate.